# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| VERONECA CAVER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:18-cv-01095-LSC |
| | ) | |
| HELP AT HOME LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF OPINION

Plaintiff Veroneca Caver ("Caver") brings suit against Help at Home alleging racial discrimination and unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 USC § 1981, 42 USC § 1981a, and 42 USC § 1988. Before the Court is Defendant, Help at Home LLC ("Help at Home's"), Motion to Dismiss. (Doc. 18.)[1] Plaintiff has timely filed her opposition. (Doc. 22.)The motion has been fully briefed and is ripe for review. For the reasons stated below, Help at Home's motion (doc. 18) is due to be denied.

---

[1] Help at Home filed an initial Motion to Dismiss. (Doc. 11.) Thereafter, Plaintiff filed an amended complaint. (Doc. 16.) Help at Home has now filed a Motion to Dismiss the amended complaint. (Doc. 18.) Therefore, Help at Home's initial Motion to Dismiss (doc. 11) is due to be TERMINATED as MOOT.

# I.   BACKGROUND[2]

Caver alleges that Defendants Statewide Healthcare Services LLC d/b/a Oxford HealthCare ("Oxford") and Help at Home LLC ("Help at Home") were her employers. According to the complaint, Help at Home and Oxford's company website indicates that the two entities are "sister" companies that provide home health care for individuals. Caver has worked for Oxford and Help at Home as a Staffing Coordinator from 1999 to 2017.

While working for Oxford and Help at Home Caver received payroll statements that contained Help at Home's logo. However, Caver's paychecks came from an account owned by Oxford. Caver also received performance appraisals and pay change forms that had the logos of both Help at Home and Oxford. Other internal forms, including internal billing paperwork also bore both logos. Caver's work email correspondence was conducted through an email system that had the following domain name: "helpathome.com."

Caver was ultimately informed of her termination by Joel Davis ("Davis"). Davis's email signature is also hosted at the "helpathome.com" domain name and

---

[2]    In evaluating a motion to dismiss, the Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The following facts are, therefore, taken from Plaintiff's allegations contained in the amended complaint. The Court makes no ruling on their veracity.

his signature lists him as Chief Operating Officer/ General Counsel for Help at Home LLC/ Oxford Health Care. Although Caver's EEOC charges named Oxford as her employer, Defendants' position statement to the EEOC was submitted by Davis and utilized Help at Home's letterhead.

## II.   STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will

survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

## III. Discussion

Help at Home has moved to be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(6) because it claims that Caver has not alleged sufficient facts to indicate that it was her employer for the purposes of Title VII and 42 U.S.C. § 1981. Whether a defendant is an "employer" is a threshold matter under Title VII,

and a defendant's failure to qualify as an "employer" deprives the court of jurisdiction over them. *Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999) (en banc). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b).[3] The Eleventh Circuit construes the term "employer" liberally. *See Virgo v. Rivera Beach Assocs.*, 30 F.3d 1350, 1360 (11th Cir. 1994). The applicable standard surrounding the question of who, precisely, qualifies as an employer under Title VII is stated in the Eleventh Circuit case of *Peppers v. Cobb County, Georgia* as follows:

> [I]n order to decide whether an entity is a qualified employer, we have asked this basic question: "who (or which entity) is in control of the fundamental aspects of the employment relationship that gave rise to the claim." *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1345 (11th Cir. 1999) (en banc). An examination of this question requires consideration of the totality of the employment relationship. *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995) (citing *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968)). Among the basic factors we consider are these: (1) how much control the alleged employer exerted on the employee, and (2) whether the alleged employer had the power to hire, fire, or modify the terms and conditions of the employee's employment. *Welch*, 57 F.3d at 1011; *Llampallas*, 163 F.3d at 1243.

---

[3] Neither party disputes that Help at Home had the required number of employees during the time relevant to this dispute.

835 F.3d 1289, 1297 (11th Cir. 2016).

Help at Home's argument that it is not Caver's employer ultimately depends both upon factual determinations that cannot be made at this time and evidentiary materials that the Court may not consider at this juncture.[4] Although Caver's EEOC charge names Oxford as her employer, Caver's failure to name Help at Home is not necessarily fatal. *See Virgo v. Riviera Beach Assoc's Ltd.,* 30 F.3d 1350, 1358–59 (11th Cir. 2007). Additionally, Caver has alleged facts that plausibly indicate that Help at Home was involved in or controlled aspects of her employment including her pay[5] and termination as its name and letterhead are alleged to have been utilized on internal records that Caver submitted, Caver's paychecks, and even Caver's termination email. *See E.E.O.C. v. Dolphin Cruise Line, Inc.*, 945 F. Supp. 1550, 1553-54 (S.D. Fla. 1996) (finding the following to be strong indicia of interrelated operations: (1) joint advertising and shared logo/letterheads; (2) centralized check writing; (3) shared accounting services and

---

[4] The Court may not consider Help at Home's evidentiary submissions on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) without converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). Had Caver attached such a declaration or referenced it in her complaint, as she did in regard to her EEOC charge, this might have been a different case.

[5] The fact that Help at Home was not the owner of the account that issued Caver's paycheck does not preclude the Court from finding that Help at Home was Caver's employer for the purposes of Title VII at this time.

offices; (4) marketing as twin companies; and (5) maintaining personnel and other business records at the same office).

In fact, Caver has alleged that Davis, who serves as both a Help at Home and Oxford representative, sent the email that terminated her. Help at Home's involvement may be limited to merely sharing letterhead and high level employees like Davis with Oxford. It would, however, be premature to make such a determination at this time. Accordingly, Help at Home's motion is due to be denied.

## IV. CONCLUSION

For the reasons stated above, Help at Home's Motion to Dismiss (doc. 18) is due to be DENIED. An Order consistent with this Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on May 8, 2019.

L. Scott Coogler
United States District Judge

195126